## FULLER'S PACKAGE STORE, INC.
### v.
### BOARD OF ASSESSORS
### OF THE TOWN OF ORLEANS

**Dock. Nos. 97722, 97723, 97724,**
**100103, 100110, 100111**
Appellate Tax Board
Trial Court of the
Commonwealth of Massachusetts

**April 2, 1981**

**Arthur D. Altman, Esq.,** for the appellant
**Edward E. Veara, Esq.,** for the appellee.

These are six appeals under the formal procedure pursuant to G.L. c. 59, secs. 64 and 65 from the refusal of the appellee to abate taxes on certain real estate in the Town of Orleans for fiscal years 1978 and 1979.

These findings of fact and report are made pursuant to a request by the appellee under G.L. c. 59A, sec. 13, as amended, and Rule 32 of the Rules of Practice and Procedure of the Appellate Tax Board.

### FINDINGS OF FACT AND REPORT

The appellant was the assessed owner of three contiguous parcels of real estate

at 176-178 and 180 Cranberry Highway, (Route 6A) and Old Tote Road in the Town of Orleans on January 1, 1977 and 1978. The three parcels comprise a totel of 2.43 acres. The parcel at 180 Cranberry Highway is improved with a commercial building and appurtenant improvements and is known as the Hilltop Plaza Shopping Center.

The board has jurisdiction to hear these appeals. The following chart sets forth information relative to jurisdiction:

| Docket Number | Parcel | Fiscal Year | Application For Abatement | Filed | Denial | Appeal Filed | Taxes Paid Without Int. |
|---|---|---|---|---|---|---|---|
| 97722 | Old Tote Rd. | 1978 | 10/28/77 | 1/28/78 | 4/21/78 | 10/28/77 |
| 97723 | 176-178 Cranberry Highway | 1978 | 10/28/77 | 1/28/78 | 4/21/78 | 10/28/77 |
| 97724 | 180 Cranberry Highway | 1978 | 10/28/78 | 1/28/78 | 4/21/78 | 10/28/77 |
| 00103 | Old Tote Rd. | 1979 | 10/2/78 | 12/6/78 | 1/5/79 | 10/30/78 |
| 00110 | 180 Cranberry Highway | 1979 | 10/2/78 | 12/6/78 | 1/5/79 | 10/30/78 |
| 00111 | 176-178 Cranberry Highway | 1979 | 10/2/78 | 12/6/78 | 1/5/79 | 10/30/78 |

The subject property is located about one half a mile east of the intersection of Route 6A with Route 6, the Mid-Cape Highway and about one mile west of the center of the Town of Orleans. The neighborhood is a mixed area with retail and commercial outlets interspersed with residential dwellings. The zoning is general business.

The three parcels comprising the subject property are irregular in shape though approximately rectangular and have about 315 feet of frontage on the southerly side of Route 6A. The land is level at the front bordering on Cranberry Highway but slopes downward in the rear of the building improvements where the basement is subdivided for rental units. The front part of the land is paved and there is parking for about 132 cars. The rear of the land is unimproved. There is an onsite sanitary disposal system.

The building was constructed in 1974. It is a one-store and basement, masonry commercial building having retail spaces on both levels. The gross area on each floor is about 1600 square feet. The exterior of the building is painted concrete block with brick veneer. The flat roof has a tar and gravel finish. In the front of the building is a concrete walk over which a wooden canopy protects the pedestrians from the elements. The floors of the interior of the store units are equipped with either carpeting or tile. The ceilings have suspended acoustical tile and there is fluorescent lighting. The partition walls are concrete and frame. Fuller's Package Store, owned by the appellant, occupies one of the 6 stores on the first floor. There are 4 stores in the basement area in the rear of the building. Except for one tenant, a branch office of the Massachusetts Welfare Department, the tenants pay for their own utilities and interior repairs. A few of the tenants pay a small part towards the tax bills. There are both written and oral leases.

Appellant's expert real estate appraiser's opinion of the fair market value of the subject property for the years in question was $371,850. He arrived at this opinion of value by the "capitalization of income" approach. The following is a summary of his appraisal report.

| | |
|---|---:|
| Gross Income: | $84,000 |
| Vacancy Rate: 5% | 4,200 |
| Effective Gross Income | 79,800 |
| Expenses: | 14,820 |
| Net Income: | 64,980 |

Interest Rate:     .10
Amorization Rate:   .025
Rate for Taxes:    .0118

Total Capitalization Rate: .1368
    (.1368 divided by 64,980)             = $475,000

Appellant's appraiser used the actual income and expenses of the subject property furnished to him by the appellant. His vacancy rate of 7% and his management figure of 7% were a little high in the board's opinion. His income and capitalization rate were reasonable. His expenses were high in the board's opinion inasmuch as most of the tenants pay for their utilities and interior repairs. It seems that some of the expenses might be better allocated to the package store business than to the real estate.

Appellee's expert real estate appraiser's opinion of the fair market value of the subject property for fiscal 1978 was $720,000 and for fiscal 1979 was $731,500. He also used the "capitalization of income" approach to value. The following is a summary of the appellee's appraisal report for the years in question:

| | |
|---|---:|
| Gross Income: | $84,024.00 |
| Vacancy Rate: 7% | -5,881.00 |
| Effective Gross Income: | 78,143.00 |
| Expenses: | |
|   Management Fee: 7% | 5,881.00 |
|   Parking Lot Maintenance: | 700.00 |
|   Heat: | 3,820.00 |
|   Electricity: | 9,000.00 |
|   Water: | 182.00 |
|   Insurance: | 800.00 |
|   Repairs: | 4,230.00 |
|   Misc: Legal & Accounting: | 1,100.00 |
| Total Expenses: | 25,713.00 |
| Net Income: | 52,430.00 |

Interest Rate:     .10
Amortization Rate:     .03
Rate for Taxes:     .011

Total Capitalization Rate    .141
    (.141 divided by 52,430.00)        = 371,843.00
Rounded to:                         $371,850.00

Appellee's appraiser estimated the rental of Fuller's Package Store at 4% of gross income. This was a little high in the board's opinion. His expenses were less than that of the appellant's appraiser but still high in the opinion of the board. The real estate taxes should not have been deducted as an expense but factored in the capitalization rate. Appellee's appraiser arrived at his total capitalization rate of 9% primarily by comparing the ratio of sales price to net income of two small shopping centers in the area. These two shopping centers were different from the subject property in many respects and the board did not give much weight to his

capitalization rate for the subject property arrived at in this manner.

The board's opinion of the fair market value of the subject property at 180 Cranberry Highway with the improvements thereon was $475,000 for the years in question. The board used the "capitalization of income" approach to value. The following is a summary of the board's valuation of the subject property for fiscal year 1978:

|  | Fiscal 1978 | Fiscal 1979 |
|---|---|---|
| Gross Income: | $85,817.02 | 88,652.49 |
| Expenses: | | |
|   Real Estate Taxes | 7,553.30 | 8,065.39 |
|   Electricity (common areas) | 2,000.00 | 2,000.00 |
|   Heat | -0- | -0- |
|   Insurance | 2,000.00 | 3,343.40 |
|   Management, legal and accounting | 2,000.00 | 2,000.00 |
|   Real Estate Commissions | 800.00 | 800.00 |
|   Snow Removal | 500.00 | 500.00 |
|   Repairs and Maintenance (incl. water) | 1,600.00 | 1,600.00 |
|   Welfare Maintenance, Gas and Electricity | 4,008.72 | 4,008.72 |
|   Miscellaneous | 500.00 | 500.00 |
| Total Expenses | 20,962.02 | 22,817.51 |
| Net Income Available for Capitalization | 64,855.00 | 65,834.98 |
| Capitalized at | 9% | 9% |
| Capital Value | $720,000.00 | $731,499.77 rounded to $731,500.00 |

For fiscal year 1979 the board used the same figures except that the tax factor was .1260 and the expenses were slightly less.

The subject property at 18ᴦ Cranberry Highway with the improvements thereon was assessed at $551,440. The fair market value found by the board was $475,000 and therefore the property was overvalued in the amount of $76,440. An abatement was granted in the amount of $6,506.99 for fiscal year 1978 (Docket No. 99724) and in the amount of $6,948.14 for fiscal year 1979 (Docket No. 100110).

As to the subject property's other two parcels at 176-178 Cranberry Highway and Old Tote Road without improvements, it is the opinion of the board that they were not overvalued and our Decision was for the appellee. See Docket Nos. 97722 and 97723 for fiscal year 1978 and Docket Nos. 100103 and 100111 for fiscal year 1979.

**OPINION**

The issue is whether the subject property was assessed at more than its fair cash value for fiscal year 1978 and 1979.

The standard to be used in determining "fair cash value" is well known and without dispute. It is the price at which a willing owner, not under compulsion to sell, will sell, and a willing buyer, not under compulsion to buy, will buy the property in question. **Boston Gas Company** v. **Assessors of Boston,** 334 Mass. 549, 566.

The decision of the Board, although required to be based upon the evidence presented, need not coincide with the valuation given by any witness. The market value of any real estate cannot be

determined with mathematical certainty, but must ultimately rest in the realm of opinion, estimate and judgment. **Assessors of Quincy; v. Boston Consolidated Gas,** 309 Mass. 60, 72.

The board arrived at its opinion of the fair market value of the subject property at 180 Cranberry Highway with the improvements thereon for the years in question by the "capitalization of income" approach to value for the reasons set forth in our findings above. "The rental value of land is competent as showing its market value although its earning capacity rather than its actual income would seem to be more appropriate for this purpose . . . and the capacity of the land to, produce income may be shown by the character and extent of the use for which it has actually been employed." **Assessors of Quincy v. Boston Consolidated Gas Company,** supra, page 64.

The board in using the "capitalization on income" approach to value used a tax factor in its capitalization rate. "The purpose of a tax factor in a formula for capitalizing earnings is to reflect the tax which will be payable on the assessed valuation produced by the formula; . . ." See **Board of Assessors of Lynn v. Shop Lease Company, Inc.,** 364 Mass. 569 (1974).

Our Decisions for the Appellant on the subject parcel at 180 Cranberry Highway (Docket No. 97724 and 100110) and our Decisions for the Appellee on the subject parcels at 176-178 Cranberry Highway and Old Tote Road (Docket Nos. 97722, 97723 and 100103, 100111) on the issue of assessment in excess of its fair cash value were promulgated July 11, 1980.

                    **APPELLATE TAX BOARD**
                              **By Chairman**

A true copy,
Attest:                Clerk of the Board
(Seal)